IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN RE:

CASE NO. 25-05865 (MCF)

CENTRO DE ENVEJECIENTES JARDIN DORADO INC.

CHAPTER 11

Debtor

## OPINION AND ORDER

The court is faced with a contested issue regarding whether unemployment and disability contributions made by employers to the government of Puerto Rico are a tax and if so, whether they fall within the scope of taxes afforded priority status by the Bankruptcy Code.

The Puerto Rico Department of Labor filed Proof of Claim No. 1 in the amount of $70,670.80 for unemployment insurance with an amount of $31,668.54 classified as a priority, pursuant to 11 U.S.C. § 507(a)(8). The Department of Labor also filed Proof of Claim No. 2 in the amount of $5,949.29 for disability insurance with an amount of $3,632.42 classified as a priority, pursuant to 11 U.S.C. § 507(a)(8). The Debtor filed objections to both claims (Docket Nos. 48 and 49); to which the Department of Labor timely replied thereto (Docket Nos. 51 and 52).

In its objection to Claim Number 1, the Debtor challenges the priority status afforded to monies owed for unemployment insurance by alleging that it is not a "tax." This unemployment insurance is a government mandated unemployment insurance program for all employees established by the Act. No. 74 of June 21, 1956. (29 L.P.R.A. §§ 701ss). The Debtor does not dispute the amounts asserted in the claim.

As to its objection to Claim Number 2, the Debtor challenges the priority status afforded to monies owed for government mandated disability insurance by alleging that it is not a "tax." This disability insurance was established by the Act. No. 139 of June 26, 1968, also known as the Temporary Disability Benefit Act (or "SINOT" by its Spanish acronym). (11 L.P.R.A. §§ 201ss). The Debtor does not dispute the amounts asserted in the claim.

-1-

<u>Are these contributions a tax?</u>

The term "tax" is not defined by the Bankruptcy Code.  Its interpretation is a question of federal law.  *In re Boston Reg'l Med. Ctr.*, 256 B.R. 212, 220 (Bankr. D. Mass. 2000)(referring to *City of New York v. Feiring*, 313 U.S. 283, 285, 61 S. Ct. 1028, 1029, 85 L. Ed. 1333 (1941)). "In determining whether an obligation arising under state law is a tax under the Bankruptcy Code, courts must look to state law to understand the characteristics and incidents of the obligation, but the label that state law places on an obligation-whether 'tax,' 'contribution,' 'payment,' or something else--carries no weight." *Id.*

In construing the priority provisions of § 64 of the former Bankruptcy Act, the Supreme Court defined "taxes" as the "pecuniary burdens laid upon individuals or their property, regardless of their consent, for the purpose of defraying the expenses of government or of undertakings authorized by it." *City of New York v. Feiring*, 313 U.S. 283, 285 (1941).  The Ninth Circuit expanded this definition into a four-part test [later known as the *Lorber* test]: a tax is

> (a) an involuntary pecuniary burden, regardless of name, laid upon individuals or property;
> (b) imposed by or under authority of the legislature;
> (c) for public purposes, including the purposes of defraying expenses of government or undertakings authorized by it;
> (d) under the police or taxing power of the state.

*Boston Reg'l Med. Ctr.*, 256 B.R. at 220 (referring to *County Sanitation Dist. v. Lorber Industries of California*, 675 F.2d 1062, 1066 (9th Cir.1982)).

The Sixth Circuit refined the *Lorber* test by modifying the third requirement to focus on the *primary* purpose of the assessment--the assessment must be primarily for the general welfare, not primarily for the benefit of the payer--and by adding two further requirements: (1) the exaction must be "universally applicable to similarly situated entities" and (2) giving it priority should not "disadvantage private creditors with like claims." *Boston Reg'l Med. Ctr.*, 256 B.R. at 220 (referring to *In re Suburban Motor Freight, Inc.*, 36 F.3d 484, 488-489 (6th Cir.1994)).

After reviewing the Puerto Rico Employment Act (29 L.P.R.A. §§ 701ss) and the Temporary Disability Benefit Act (11 L.P.R.A. §§ 201 ss), and after applying the refined *Lorber* test, we find that Debtor's obligation pursuant to said statues are "taxes."  The obligations are an involuntary pecuniary burden, imposed by the legislature under the taxing authority of the State,

-2-

for the general welfare (not for the employers' benefit) and universally applicable to all similarly situated employers in Puerto Rico. In this case, there are no other non-governmental creditors with similar employment claims who might be disadvantaged.

Are these contributions afforded priority status?

Priority status is afforded to certain taxes by Section 507(a)(8)(D) of the Bankruptcy Code which states "an employment tax on a wage, salary, or commission of a kind specified in paragraph (4) of this subsection earned from the debtor before the date of the filing of the petition, whether or not actually paid before such date, for which a return is last due, under applicable law or under any extension, after three years before the date of the filing of the petition." 11 U.S.C. § 507 (a)(8)(D). In order to qualify for priority under § 507(a)(8), an obligation must constitute not only a tax but a tax of a kind enumerated in subsection (a)(8). *Boston Reg'l Med. Ctr.*, 256 B.R. at 225-226.

In the present case, both the Puerto Rico Employment Act and the Temporary Disability Benefit Act impose "taxes" over the wages earned from the Debtor and as employment taxes, clearly fall within the scope of § 507(a)(8). *See* 29 L.P.R.A. § 708(b) (providing for the computation and payment of the tax for the unemployment fund over the wages paid by the employer) & 11 L.P.R.A. § 208(a) (providing for computation and contributions to the disability fund by employer over the wages paid to its workers).

A similar unemployment provision in Massachusetts was ruled a "tax" and allowed as a priority.

> Through its unemployment compensation law, the Commonwealth [of Massachusetts] has chosen to fund its unemployment compensation benefits entirely by taxing the state's employers. [T]he cases unanimously agree that unemployment contributions (as opposed to payments in lieu of contributions) are taxes under § 507(a)(8). *In re Boston Reg'l Med. Ctr.*, 256 B.R. at 225. The court makes reference to these cases: *Mueller v. State of Wisconsin*, 243 B.R. 346, 349 (Bankr. W.D.Wis. 1999) (Wisconsin unemployment insurance premiums was an excise tax under § 507(a)(8)(E)); *In re Nail*, 163 B.R. 105 (Bankr. E.D.Mich. 1994) (claim under Michigan law for contributions to state unemployment compensation fund were employment taxes under present § 507(a)(8)(D)); *In re Reichert*, 138 B.R. 522 (Bankr. W.D.Mich. 1992) (United States' unsecured claim under Federal

-3-

Unemployment Tax Act merits priority under present § 507(a)(8)(D)); *In re Continental Minerals Corp.*, 132 B.R. 757, 758-759 (Bankr. D.Nev. 1991) (claim for unemployment compensation contributions under Nevada law was entitled to priority treatment as "employment tax" under present § 507(a)(8)(D)); *Matter of Lackawanna Detective Agency, Inc.*, 82 B.R. 336 (Bankr. D.Del. 1988) (claims for unemployment insurance under the Delaware Unemployment Compensation Law were taxes entitled to priority under present § 507(a)(8)(D)); *In re Skjonsby Truck Line, Inc.*, 39 B.R. 971 (Bankr. D.N.D. 1984) (contributions to North Dakota unemployment compensation fund were taxes under present § 507(a)(8)(D)); *In re Garden Inn Steak House, Inc.*, 22 B.R. 830 (Bankr. N.D.Ohio 1982) (unemployment contributions under Ohio law are priority tax claims under present § 507(a)(8)(D)). *In re Boston Reg'l Med. Ctr.*, 256 at 225, n. 8.

*Boston Reg'l Med. Ctr.*, 256 B.R. at 220 (Bankr. D. Mass. 2000).

Given that both contributions made under the Puerto Rico Employment Act and the Temporary Disability Benefit Act are taxes on wages, pursuant to 29 L.P.R.A, § 708(b) and 11 L.P.R.A. § 208, respectively, they qualify for priority status under § 507(a)(8)(D) of the Bankruptcy Code. Consequently. objections to Proof of Claim Numbers 1 and 2 are denied.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 22nd day of June 2026.

*Mildred Cabán*
MILDRED CABAN FLORES
United States Bankruptcy Judge

-4-